IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRESENCIANO GUTIERREZ,

       Plaintiff,

v.                                                                                          CIV 15-0027 KBM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum (*Doc. 19*), filed August 28, 2015. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *Doc. 8*. Having reviewed the parties' submissions, the relevant law, and the relevant portions of the Administrative Record, the Court will grant Plaintiff's Motion.

**I.**     **Procedural History**

On May 25, 2010, Plaintiff filed applications with the Social Security Administration for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. *Administrative Record ("AR")* at 194-204.[1] Plaintiff alleged a disability onset date of December 27, 2009, *AR* at 194, and the disabling conditions of lower back pain, anxiety, depression, insomnia,

---

[1] Documents 15-1 through 15-17 comprise the sealed Administrative Record ("*AR*"). The Court cites the Record's internal pagination, rather than the CM/ECF document number and page.

memory loss and panic attacks. *AR* at 225. The agency denied Plaintiff's claims initially and upon reconsideration, and Plaintiff requested a hearing. *AR* at 75-79, 96-97.

After a *de novo* hearing, Administrative Law Judge Jennie L. McLean ("the ALJ") issued an unfavorable decision on May 14, 2013. *AR* at 11-23. Plaintiff submitted a Request for Review of the ALJ's Decision to the Appeals Council, which the Council declined on November 12, 2014. *AR* at 1-7. As such, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). This Court has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

A claimant seeking disability benefits must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner must use a fivee-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *see Wall v. Astrue,* 561 F.3d 1048, 1052 (10th Cir. 2009).

At Step One of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period. *AR* at 13. At Step Two, she determined that Plaintiff has the severe impairments of "degenerative disc disease of the lumbar spine, post surgery; high blood pressure; and obesity." *AR* at 13. At Step Three, she concluded that Plaintiff's impairments, individually and in combination, did not meet or medically equal the regulatory "listings." *AR* at 17.

When a plaintiff does not meet a listed impairment, the ALJ must determine his residual functional capacity ("RFC"). *Hendron v. Colvin*, 767 F.3d 951, 953 (10th Cir. 2014). "RFC is a multidimensional description of the work-related abilities [a plaintiff] retain[s] in spite of [his] medical impairments." 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); 20 C.F.R. § 404.1545(a)(1). The ALJ in this case determined that Plaintiff maintained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with certain exertional limitations. *AR* at 17. Specifically, the ALJ determined that Plaintiff "can occasionally lift and carry, push/pull 10 pounds and frequently lift and carry, push/pull less than 10 pounds. He can sit for 6 hours and stand for 2 hours. The claimant could occasionally climb stairs and ramps, kneel, crouch, crawl and stoop but never climb ladders/ropes/scaffolds or balance." *AR* at 17-18. Employing this RFC at Steps Four and Five, the ALJ determined that Plaintiff is unable to perform his past relevant work; however, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; namely, a food and beverage order clerk, a final assembler, and a stone setter. *AR* at 21-22. Accordingly, the ALJ determined that Plaintiff was not disabled from his alleged onset date through the date of her decision. *AR* at 23.

**II.     Legal Standard**

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).

### III. Analysis

#### A) *Treating Physician Melisi*

Plaintiff argues that the ALJ erred as a matter of law by failing to follow the "treating physician rule" with respect to the opinion of James William Melisi, M.D., Plaintiff's treating neurosurgeon. *Doc. 19* at 15. Dr. Melisi performed Plaintiff's bilateral laminectomy and foraminotomy on May 4, 2011. *AR* at 414. On March 9, 2012, Dr. Melisi filled out a "disability certificate" on which he noted that Plaintiff was "totally incapacitated" and instituted a lifting restriction of no more than ten pounds. *AR* at 417. However, later that month, on March 21, 2012, Dr. Melisi authored a letter on Plaintiff's behalf in which he changed Plaintiff's lifting restriction to 20 to 25 pounds. *AR* at 418. Dr. Melisi additionally stated that "while [Plaintiff] has no gait disturbances, he does find it difficult to walk for long periods at a time or stand for long periods of time. These are permanent." *AR* at 418.

The ALJ's treatment of Dr. Melisi's opinion in this case is quite brief. In evaluating Dr. Melisi's opinion, the ALJ stated:

> The opinion of Dr. Melisi was given limited weight as he opined the claimant was totally incapacitated. Dr. Melisi restricted the claimant to no lifting more than 10 pounds. The doctor noted the claimant had recovered from his spinal fusion and increased his lifting restriction to 20 to 25 pounds. Despite the claimant's report of difficulty walking or standing for long periods, the doctor noted no gait disturbances (Exhibit 14F, 15F).

*AR* at 21. As discussed below, such a brief discussion poses problems on review.

"[C]ase law, the applicable regulations, and the Commissioner's pertinent Social Security Ruling (SSR) all make clear that in evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each

4

step of which is analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). **As to the first step**, "[a]n ALJ must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. . . . If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record." *Mays v. Colvin*, 739 F.3d 569, 574 (10th Cir. 2014) (quoting *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004)). "If the opinion is deficient in either of these respects, it is not to be given controlling weight." *Krauser*, 638 F.3d at 1330. However, "[e]ven if a treating opinion is not given controlling weight, it is still entitled to deference; **at the second step** in the analysis, the ALJ must make clear how much weight the opinion is being given . . . and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned." *Id.* (emphasis added). The regulatory factors that an ALJ must consider at this second step are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1331; *see also* 20 C.F.R. §§ 404.1527, 416.927.

Because the ALJ does not affirmatively state whether Dr. Melisi's opinion is entitled to controlling weight, it appears that she may have skipped the first step under the treating physician analysis and leapt directly to the second. In the past, this Court has held that skipping the first step in the analysis constitutes reversible error. *Wellman v. Colvin*, CIV 13-1122 KBM, Doc. 19 (D.N.M. Dec. 3, 2014). In fact, this result

5

appeared mandatory under Tenth Circuit law. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) ("A finding at this stage (as to whether the opinion is either unsupported or inconsistent with other substantial evidence) is **necessary** so that we can properly review the ALJ's determination on appeal.") (emphasis added); *see also Robinson*, 366 F.3d at 1083 (noting that the ALJ failed to expressly state whether an opinion would be afforded controlling weight); *see also Daniell v. Astrue*, 384 F. App'x 798, 801 (10th Cir. 2010) (unpublished) (quoting *Watkins*, 350 F.3d at 1300).

But the Tenth Circuit has also indicated that where a reviewing court can determine that an ALJ "implicitly declined to give the opinion controlling weight," there is no ground for remand. *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014) ("Ms. Mays argues that the ALJ did not expressly state whether he had given Dr. Chorley's opinion 'controlling weight.' But the ALJ implicitly declined to give the opinion controlling weight. Because we can tell from the decision that the ALJ declined to give controlling weight to Dr. Chorley's opinion, we will not reverse on this ground."); *see also Causey v. Barnhart*, 109 F. App'x 375, 378 (10th Cir. 2004) (unpublished) ("Implicit in the ALJ's decision is a finding that Dr. Waldrop's opinion . . . is not entitled to controlling weight."); *see also Andersen v. Astrue*, 319 F. App'x 712, 721 (10th Cir. 2009) (unpublished) ("It is apparent that the ALJ concluded that these opinions were not entitled to controlling weight. Although ordinarily the ALJ should have made explicit findings to this effect . . . we are not troubled by the substance of the ALJ's determination.").

Here, the ALJ's decision to ascribe Dr. Melisi's opinion "limited weight" arguably shows that she implicitly declined to give it controlling weight because: (1) the ALJ specifically set forth within her decision the standard for reviewing a treating physician's

opinion, *AR* at 20; and (2) Dr. Melisi's opinion expressly informed that it was based on his treatment of Plaintiff while in a doctor-patient relationship, *AR* at 418 (Dr. Melisi's letter). Therefore, the Court hesitates to reverse the ALJ solely for failing to explicitly discuss whether Dr. Melisi's opinion was entitled to controlling weight.[2]

This, of course, does not end the inquiry. The ALJ was still required to consider the regulatory factors stated in 20 C.F.R. §§ 404.1527 and 416.927 in determining the weight to be assigned to Dr. Melisi's opinions, even opinions on issues reserved to the Commissioner. *Wade*, 268 F. App'x at 706; *Mayberry*, 461 F. App'x at 708 ("While a physician's opinions on issues reserved to the commissioner are not entitled to controlling weight or any special significance, the ALJ was still required to provide an evaluation of the opinions and explain his reasons for either rejecting or accepting them."). "Although the ALJ's decision need not include an *explicit discussion* of each factor . . . the record must reflect that the ALJ *considered* every factor in the weight calculation." *Andersen*, 319 F. App'x at 718 (citations omitted) (emphasis in original); *Oceguera v. Colvin*, ___ F. App'x ____, 2016 WL 4162840, at *3 (10th Cir. 2016) (unpublished) (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007)). Moreover, "[u]nder the regulations and our precedent, the ALJ must state reasons for the weight given to a treating physician's opinion that are 'sufficiently specific to make clear to any subsequent reviewers the weight' given and the underlying support for that weight."

---

[2] Alternatively, Dr. Melisi's opinion that Plaintiff is totally incapacitated, *AR* at 417, is an issue reserved for the Commissioner, and so it is inherently not entitled to controlling weight. *See Wade v. Astrue*, 268 F. App'x 704, 706 (10th Cir. 2008) (unpublished) (affirming the failure of an ALJ to determine controlling weight on the issue of disability); *see also Mayberry v. Astrue,* 461 F. App'x 705, 708 (10th Cir. 2012) (unpublished) ("a physician's opinions on issues reserved to the Commissioner are not entitled to controlling weight or any special significance").

*Oceguera*, 2016 WL 4162840, at *3 (quoting *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004)). The Court finds that this standard has not been met in this case.

In fact, with the exception of supportability, it is unclear whether the ALJ addressed *any* of the regulatory factors when discussing Dr. Melisi's opinions. *Compare AR* at 21 *with* 20 C.F.R. §§ 404.1527 and 416.927. As noted above, the ALJ's primary basis for assigning limited weight to Dr. Melisi's opinion was because "he opined the claimant was totally incapacitated." *AR* at 21. The ALJ then went on to describe perceived inconsistencies between Dr. Melisi's initial and subsequent opinions. *AR* at 21. In this sense, the ALJ arguably addressed "the degree to which the physician's opinion is supported by relevant evidence." *See Andersen*, 319 F. App'x at 722. However, the ALJ did not discuss any of the other factors, such as "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; . . . (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." 20 C.F.R. §§ 404.1527, 416.927. As in *Andersen*, "the ALJ's apparent failure to consider any factor other than supportability makes the ALJ's reasoning insufficient." *Andersen*, 319 F. App'x at 722 ("Although supportability might prove determinative, that can only be decided after consideration of the other factors.").

For example, the ALJ appears to have ignored the length of the treatment relationship and the nature of the treatment provided – here, a bilateral laminectomy and foraminotomy. The ALJ also failed to demonstrate that she considered the

8

consistency between Dr. Melisi's opinion and the record as a whole as well as the nature of his specialty. While these factors might ultimately have supported the ALJ's decision to give the opinion "limited weight," *see, e.g.*, *Bales v. Colvin*, 576 F. App'x 792, 796 (10th Cir. 2014), this Court "cannot simply presume the ALJ applied the correct legal standards in considering [Dr. Melisi's] opinion[,]" in the absence of express analysis. *Robinson*, 366 F.3d at 1083 (quoting *Watkins*, 350 F.3d at 1301).

The Commissioner urges two arguments in support of the ALJ's finding as to Dr. Melisi. First, the Commissioner argues that the doctor's opinions are consistent with Plaintiff's RFC, rendering harmless the ALJ's failure to conduct a formal analysis under the treating physician rule. *Doc. 23* at 6-7. However, the Commissioner cites no authority to support this position, and the Court has found none. At best, the Tenth Circuit held harmless the failure of an ALJ to ascribe weight to *non-treating* sources where their opinions are consistent with the Plaintiff's RFC. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1165 (10th Cir. 2012). Moreover, the Tenth Circuit very recently declined to address such a "harmlessness" finding by a court in this district, instead affirming under *Watkins*. *See Ocegura*, 2016 WL 4162840, at *2-3 ("the court concluded this error was harmless because the opinion was consistent with the RFC assessment. . . . We affirm but do so on other grounds.").

The Commissioner further argues that "Dr. Melisi's conclusory statements of disability were also inconsistent with other substantial evidence of record. . . ." *Doc. 23* at 8. While this may ultimately be true, the ALJ did not herself supply this reason, rendering it a *post-hoc* justification that this Court cannot consider. *Robinson*, 366 F.3d

9

at 1084 ("The ALJ's decision should have been evaluated based solely on the reasons stated in the decision.").

In sum, the Court finds that the ALJ did not apply the correct legal standards in assessing Dr. Melisi's opinion. The ALJ failed initially by omitting a discussion of whether the opinion was entitled to controlling weight. More importantly, the ALJ failed to provide "good reasons," tied to the regulatory factors, for giving only "limited weight" to the opinion. Remand is therefore required to allow the ALJ to engage in the proper two-step analysis.

### B) *Plaintiff's Other Claims of Error*

Plaintiff also argues that the ALJ erred in evaluating the opinion of his treating physician's assistant and that the ALJ's Step Five finding is legally deficient and unsupported by substantial evidence. *See Doc. 19* at 16-21. The Court will not address these issues at this time "because they may be affected by the ALJ's treatment of this case on remand." *Watkins*, 350 F.3d at 1299.

### IV. Conclusion

The Court finds that Plaintiff's motion to remand is well-taken and that this matter should be remanded for reevaluation of the weight to be assigned to the opinion of Plaintiff's treating neurosurgeon, Dr. Melisi, as set forth above.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand (*Doc. 19*) is **granted**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent