**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CRESENCIANO GUTIERREZ,

    Plaintiff,

v.                                                          CIV 15-0027 KBM

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social
Security Administration.

## ORDER AWARDING ATTORNEY FEES UNDER EAJA

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), with Memorandum in Support (*Doc. 27*), filed on December 27, 2016. Defendant opposes an award of EAJA fees and argues that the Acting Commissioner's position was substantially justified on appeal. *Doc. 28.* Having reviewed the motion and exhibit, briefs submitted by the parties, and relevant law, the Court finds an award of fees in the amount requested is reasonable in this case.

Plaintiff initiated this case seeking remand of the Commissioner's denial of his application for social security benefits arguing, among other things, that the ALJ committed reversible error by failing to follow the "treating physician rule" with respect to the opinion of James William Melisi, M.D., Plaintiff's treating neurosurgeon. *Doc. 19* at 15. This Court agreed, finding "that this matter should be remanded for reevaluation of the weight to be assigned to the opinion of" Dr. Melisi. *Doc. 25* at 10. This Court's

---

[1] Effective January 20, 2017, Nancy A Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A Berryhill is therefore substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

conclusion was premised primarily on the fact that the ALJ's decision to accord Dr. Melisi's opinions "limited weight" failed to demonstrate that she considered the regulatory factors stated in 20 C.F.R. §§ 404.1529 and 416.927. *Id.* at 7-8.

Plaintiff now seeks attorney fees under EAJA. "Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 241(d)(1)(A)). The parties here disagree on the second factor: whether the position of the Acting Commissioner was "substantially justified."

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir 1995) (citing *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992)). The Commissioner bears the burden to establish that her position was substantially justified, both at the appeal and at the underlying administrative proceedings. *Hackett*, 475 F.3d at 1172; *see also Tomlinson v. Colvin*, CIV-15-699-STE, 2016 WL 5316740, at *1 (W.D. Okla. Sept. 22, 2016). "Therefore, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Tomlinson*, 2016 WL 5316740, at *1 (quoting *Hackett*, 475 F.3d at 1174 (internal quotation omitted)). The Court finds that the government has not met its burden to show that its position was substantially justified at the underlying administrative proceeding.

The Acting Commissioner contends that the government's defense of the ALJ's decision was not unreasonable "in light of the specific factual and legal circumstances

existing in this case." *Doc. 28* at 3. In support of this position the Acting Commissioner offers three arguments.

First, the Commissioner argues that the Tenth Circuit "has described articulation standards in the context of a Social Security case as flexible." *Id.* at 3 (citing *Keyes-Zachary v. Astrue*, 695 F. 3d 1156, 1166 (10th Cir. 2012)). While this may be true, the Tenth Circuit has also made clear that the record must reflect that the ALJ considered every relevant regulatory factor in assigning weight to a physician's opinion. *See Andersen v. Astrue*, 319 F. App'x 712, 718 (10th Cir. 2009) (unpublished) ("Although the ALJ's decision need not include an *explicit discussion* of each factor . . . the record must reflect that the ALJ *considered* every factor in the weight calculation.") (emphasis in original); *see also Oceguera v. Colvin*, 658 F. App'x 370, 374 (10th Cir. 2016) (unpublished) ("the ALJ must consider all six factors") (citation omitted). Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*See* 20 C.F.R. §§ 404.1527, 416.927. Here, the Court found that the ALJ failed to address any of the regulatory factors aside from supportability, *Doc. 25* at 8, and the Tenth Circuit has reversed under a similar set of facts. *See Andersen*, 319 F. App'x at 772.

Citing cases from the Seventh Circuit, the Commissioner argues that "some courts have concluded that deficiencies in articulation alone generally do not warrant an

3

award of attorney's fees." *Doc. 28* at 3 (citing *Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006); *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992)). Even if these cases were binding upon this Court, they are distinguishable. *Cunningham* affirmed the denial of EAJA fees where "the ALJ failed to connect all the dots in his [credibility] analysis." *Cunningham*, 440 F.3d at 865. The issue here is the treating physician rule, not credibility, and the Seventh Circuit gave no indication that its rationale would extend to the treating physician rule. The same is true of *Stein*, where the ALJ's error was merely failing to articulate that all of the evidence in the case was considered in denying benefits. *Stein*, 966 F.2d at 320.

The Commissioner also argues that "to the extent that Dr. Melisi offered actual medical source opinions about Plaintiff's functional capabilities rather than a mere conclusory statement of disability, Dr. Melisi's opinions were entirely consistent with the ALJ's RFC finding." *Doc. 28* at 5. In other words, the Commission argues that the ALJ's errors were harmless. *Id.* at 6 (citing *Keyes-Zachary*, 695 F.3d at 1161, 1165). However, this assertion ignores Dr. Melisi's opinion that Plaintiff is totally incapacitated. *AR* at 417. While the disability determination is an issue that is reserved to the Commissioner, the ALJ "was still required to provide an evaluation of the opinion[] and explain [her] reasons for either rejecting or accepting [it]." *See Mayberry v. Astrue*, 461 F. App'x 705, 708 (10th Cir. 2012) (unpublished). The ALJ failed to do so in this case, and her error was not harmless.

The ALJ did not sufficiently explain why she assigned Dr. Melisi's opinion "limited weight," and this Court cannot simply presume the ALJ applied the correct legal standards in considering the opinion in the absence of express analysis. *See Robinson*

*v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004). Therefore, because the ALJ failed to apply the correct legal standards in assessing Dr. Melisi's opinion, the Court finds that the Acting Commissioner's position was not substantially justified and that an award of EAJA fees is reasonable.

**IT IS THEREFORE ORDERED** that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $5,231.00. *See Astrue v. Ratliff*, 13 U.S. 2521 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakly v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent